IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMANDA PIPES and NATHAN PIPES as Next Friends for C.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>KIRKSVILLE MISSOURI HOSPITAL COMPANY, LLC, DBA NORTHEAST REGIONAL MEDICAL CENTER, and UNITED STATES OF AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**

**COME NOW** Plaintiffs, Amanda Pipes and Nathan Pipes, as Next Friends of C.P., by and through their attorneys, Roger Johnson and Patrick Martucci of the law firm Johnson, Vorhees, & Martucci, and for their cause of action against Defendants Kirksville Missouri Hospital Company, LLC, d/b/a Northeast Regional Medical Center and against Defendant United States of America, state and allege as follows:

**GENERAL ALLEGATIONS:**

1. Plaintiffs reside in Putnam County, Missouri. Plaintiffs Amanda Pipes and Nathan Pipes are the natural mother and father of C.P., a minor child born on August 9, 2020.

2. At all relevant times herein, Defendant Kirksville Missouri Hospital Company, LLC, doing business as Northeast Regional Medical Center (hereinafter "Northeast Regional") was and is a corporation authorized to do business in the State of Missouri. At all times herein

1

concerned, Defendant Northeast Regional held itself out to the public in general, and to Plaintiff in particular, as being a skilled facility with sufficiently trained and skilled medical staff to provide proper and adequate care and treatment to Amanda Pipes and her baby, appropriate for the conditions which she then presented. Service of process on Defendant Northeast Regional may be affected by serving its Registered Agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101, by the Cole County Missouri Sheriff's Department.

3.     At all relevant times herein, Melodie Stocks, D.O. (hereinafter "Stocks"), was an OB/GYN practicing medicine at Northeast Missouri Health Council, Inc., doing business as OB/GYN Specialty Group, a Division of Northeast Regional Medical Center.

4.     Based upon information and belief, Defendant Northeast Missouri Health Council, Inc., doing business as OB/GYN Specialty Group was at all relevant time herein, a public or non-profit public entity receiving Federal Funds under 42 U.S.C. § 245b, thereby qualifying it and its employees or contractors to be deemed as employees of the Public Health Service under 42 U.S.C. § 233(g).

5.     At all times relevant herein, Defendant Northeast Missouri Health Council, Inc., doing business as OB/GYN Specialty Group and its employees and/or contractors qualified under 42 U.S.C. § 233(g)(5), including but not limited to Melodie Stocks, D.O., were and are deemed by the Department of Health and Human Services Health Resources and Services Administration to be federal employees of the Public Health Service for purposes of the Federal Tort Claims Act under the Federally Supported Health Centers Assistance Act, as amended, sections 224(g)-(n) of the Public Health Service Act, 42 U.S.C. §§ 233(g)-(n).

6. At all relevant times herein, Melodie Stocks, D.O. was acting as a licensed health care practitioner practicing Obstetrics and gynecology within the course and scope of her employment with OB/GYN Specialty Group, a Division of Northeast Regional Medical Center.

7. The doctrine of vicarious liability applies to the claims made herein against the United States of America, for the acts or failures to act of Dr. Melodie Stocks, D.O. or any other employee of OB/GYN Specialty Group, a Division of Northeast Regional Medical Center.

8. Defendant Northeast Regional is vicariously liable for the actions and choices of its employees and agents, including the physicians, physicians' assistants, nurses, and nurse practitioners who provided medical care and treatment to Amanda Pipes and C.P. on or about August 9, 2020.

9. At all times herein concerned Defendant Stocks was a physician licensed to practice medicine in the State of Missouri, and was at all times herein concerned holding herself out to the public in general and to Plaintiff, in particular, as being an OB/GYN, well able to render proper and adequate care and treatment to Amanda Pipes and C.P. on or about August 9, 2020.

10. The negligent medical services that were provided, as set forth herein, to Amanda Pipes and to C.P., directly caused or directly contributed to cause injury to C.P.

11. This Court has subject matter jurisdiction over this case pursuant to 28 USC section 1346(b) and section 2675.  Further, this Court has ancillary jurisdiction over Defendants Kirksville Missouri Hospital Company, LLC, d/b/a Northeast Regional Medical Center.   All provisions of the Federal Torts Claims Act within Title 28, USC sections 2671-2680 have been satisfied that are pre-conditions to bringing this Complaint for damages in Federal Court.

**Factual Background**

12. Plaintiffs adopt by reference paragraphs 1-11 as if set forth fully herein.

13. On August 9, 2020, at approximately 0553 hours and at 37.3 weeks of gestation, Plaintiff Amanda Pipes presented to Northeast Regional following spontaneous rupture of membranes and with complaint of painful contractions since 0230 hours, and was admitted to the care of her obstetrician, Defendant Stocks.

14. At or around 0600 hours, Plaintiff Amanda Pipes was appropriately placed on a fetal heart monitor so that her child's wellbeing could be continuously monitored.

15. By 0652 hours, the fetal monitor strips were showing significant variable decelerations more than 50%, minimal variability, and no accelerations, placing the strips on the borderline between Category II and Category III. C.P. was noted to be in the occipital posterior position with brow presentation. An emergency C-section was required at this time.

16. At 0755 hours, C.P. was delivered by cesarean section.

17. When C.P. was finally delivered, meconium was found, cord gases of 7.00, he was severely bradycardic, APGARS of 2/5/6, and required resuscitation. He was transferred to a higher level of care, where he was found to have suffered hypoxic ischemic encephalopathy.

**COUNT I**

**MEDICAL MALPRACTICE**

18. Plaintiffs incorporate by reference all applicable averments from paragraphs 1-17 as set forth herein above.

19. Plaintiffs Amanda Pipes and Nathan, as Next Friends of C.P., bring claims of medical negligence against the defendants Northeast Regional, OB/GYN and Stocks.

4

20. The injuries to C.P. were the direct and proximate result of the carelessness, faults and omissions of Defendant Northeast Regional and Defendant United States of America, by and through the actions and choices of Defendant Stocks and/or other employees of Northeast Regional functioning as health care providers, who did not exercise that degree of skill and learning possessed by other members of his profession in one, more, or all of the following particulars, to wit:

    a. Dr. Stocks negligently failed to timely recognize warning signs of fetal distress;

    b. Dr. Stocks negligently failed to perform a timely emergency cesarean section;

    c. Dr. Stocks negligently failed to place a fetal scalp electrode;

    d. Dr. Stocks and nurses employed by Northeast Regional failed to assure that continuous fetal heart monitoring was occurring during the last thirty minutes before C.P. was delivered.

    e. Defendant Northeast Regional failed to have a system in place to perform emergency cesarean sections within thirty minutes of the decision to do so.

21. As a direct and proximate cause of the above described negligence, carelessness, faults, and omissions of the Defendants, C.P. was not timely delivered before hypoxic ischemic injuries occurred.

22. Defendants had a duty to provide good, safe medical care to C.P. and to Amanda Pipes. Defendants' choices and actions, individually and collectively, caused needless, preventable harm to their patient. Had good, safe and timely medical choices been made, as the standards of medical care require, C.P. would not have suffered the catastrophic brain injuries.

23. That the negligent acts and omissions of the Defendants as set out above

proximately and directly caused or contributed to cause Plaintiff to incur substantial past and future medical bills, C.P. to incur future loss of wages and loss of earning capacity, life care needs for C.P., and other ancillary economic damages.  Further, C.P. was caused permanent injury, pain and suffering, loss of quality and enjoyment of life, disfigurement, future mental anguish, and permanency of injury.  In addition, C.P. will have future economic and non-economic damages consistent with those previously experienced.

WHEREFORE, Plaintiffs Amanda Pipes and Nathan Pipes pray that the Court grant Plaintiffs judgment against Defendants, jointly and severally, for actual and compensatory damages in a sum that is fair and reasonable, for Plaintiffs' costs herein and for such other relief as is just and proper under the circumstances.

**Constitutional Challenge:**
**Application of House Bill 393 (2005), and Senate Bill 239 (2015) and any provision therein, to this cause of action would violate the Missouri Constitution**

24. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 as if fully set forth herein.

25. House Bill 393 and numerous particular provisions therein, which became effective on August 28, 2005, and which purport to apply to this case, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

26. Senate Bill 239, and numerous particular provisions therein, which became effective on August 28, 2015, and which purport to apply to this case, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

27. House Bill 393 and Senate Bill 239 violate the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that the subject be

clearly expressed in its title.  The title of HB393 and Senate Bill 239 purport to repeal various statutes and enact in lieu thereof twenty-three new sections *relating to claims for damages and the payment thereof.*  This title is unconstitutionally under-inclusive because the bill addresses multiple subjects and because some of the provisions enacted under the bill relate to claims other than claims for damages.

28. Senate Bill 239 improperly purports to create a new cause of action for medical malpractice, despite claims of medical malpractice being an inviolate right under the common law of Missouri, as part of the original Constitution when this State came into being.

29. Section 490.715 R.S.Mo., which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to Plaintiff, violates the Plaintiff's right to trial by jury as guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to trial by jury as provided for in the Constitution includes the right to have a jury determine all of Plaintiff's damages without interference by the legislature.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, and each of them jointly and severally, for compensatory damages that are fair and reasonable, for their costs herein incurred and for prejudgment interest as provided by law.

Respectfully submitted,

/s/Roger A. Johnson
Roger Johnson, MO Bar # 48480
Patrick Martucci, MO Bar # 53448
JOHNSON, VORHEES & MARTUCCI
510 W. 6th St. Joplin  MO  64801
Phone: 417-206-0100
Facsimile:  417-206-0110
e-mail:  roger@4stateslaw.com
e-mail:  patrick@4stateslaw.com
*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**