UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMANDA PIPES and NATHAN PIPES, as Next Friends for C.P., <br><br> Plaintiffs, <br><br> v. <br><br> KIRKSVILLE MISSOURI HOSPITAL COMPANY, LLC, d/b/a NORTHEAST REGIONAL MEDICAL CENTER, and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 2:22-CV-0047 PLC |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United States of America's Motion to Dismiss Plaintiff C.P.'s medical malpractice claim against it under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671, *et seq*. alleging he sustained injuries as a result of negligence committed by an employee of Kirksville Missouri Hospital Company, LLC doing business as Northeast Regional Medical Center (Northeast Regional). [ECF No. 17] Amanda and Nathan Pipes, as next friends of C.P., oppose the motion. [ECF No. 20] Because Plaintiffs did not exhaust their administrative remedies under the FTCA, the Court lacks subject matter jurisdiction over C.P.'s claim against the United States and the government's motion is granted. The Court further orders Plaintiffs to show cause in writing why their case against Northeast Regional should not be dismissed on jurisdictional grounds.

**I.     Background**

On August 10, 2022, C.P., a minor, filed a medical malpractice lawsuit against Northeast Regional and the United States under the FTCA and Missouri law. [ECF No. 1] Amanda Pipes

and Nathan Pipes (collectively, the Pipes), C.P.'s natural parents, filed a contemporaneous petition requesting their appointment as C.P.'s next friends. [ECF No. 3] On August 15, 2022, the Court granted the Pipes' petition and appointed them as next friend of C.P. for purposes of this action. [ECF No. 6]

In the complaint, Plaintiffs allege C.P. was injured on August 9, 2020 as a result of medical malpractice by obstetrician Melodie Stocks, D.O., an employee of Northeast Missouri Health Council, Inc., doing business as OB/GYN Specialty Group, a division of Northeast Regional. [ECF No. 1] Plaintiffs allege Northeast Missouri Health Council, Inc. is a public entity receiving federal funds under 42 U.S.C § 245b, thereby qualifying it and its employees, including Dr. Stocks, to be deemed Public Health Service employees covered by 42 U.S.C. 233(g) for their acts and omissions, and subject to the provisions of the FTCA. [ECF No. 1] Plaintiffs further allege that the Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1346(b)[1] and § 2675 because "[a]ll provisions of the [FTCA] …have been satisfied that are pre-conditions to bringing this Complaint for damages in Federal Court." [ECF No. 1, ¶ 11] Plaintiffs alleges the Court has "ancillary jurisdiction" over their claims against Defendant Northeast Regional. [ECF No. 1, ¶ 11]

Defendant United States filed a motion seeking its dismissal from the case asserting the Court lacks subject matter jurisdiction based upon sovereign immunity because Plaintiffs did not fully exhaust C.P.'s administrative remedies. The United States argues Plaintiffs failed to properly present C.P.'s claim to the U.S. Department of Health and Human Services (HHS) because they

---

[1] 28 U.S.C. §1346(b)(1) provides the district courts have exclusive jurisdiction of civil actions on claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

(1) did not present evidence of the Pipes' right to represent C.P. under Missouri law, namely that they had been appointed C.P.'s next friend, guardian or conservator; and (2) did not provide a "sum certain" to enable the agency to investigate the amount of damages being sought. [ECF No. 17] Alternatively, the United States requests the Court dismiss for failure to state a claim "Count II" of the complaint challenging certain Missouri legislation as violative of the Missouri Constitution.[2] [ECF No. 17]

In support of its motion, the United States attached copies of correspondence between Plaintiffs' counsel and HHS. [ECF Nos. 17-1 through 17-4] These documents demonstrate that on March 16, 2021, Plaintiffs' counsel sent a letter to HHS detailing C.P's claim along with a completed Standard Form 95 (Form 95), and copies of the attorney-client contract and the pertinent medical records.[3] [ECF No. 17-1] The Form 95 names "Amanda and Nathan Pipes, for [C.P.], a minor child" as the claimant, states the amount of the personal injury claim is "$41,000,000.00 Est.[,]"and is signed by Plaintiffs' counsel as "attorney for Amanda Pipes [and C.P.]." [ECF No. 17-1]

On July 26, 2021, HHS sent Plaintiffs' counsel a letter informing him that HHS received the Form 95 but that the form was "improperly presented by a minor. See 28 C.F.R. § 14.2(a)" and that form did "not constitute a valid claim brought against this Agency under the [FTCA]." [ECF No. 17-2]  The letter advised counsel to "have a properly appointed guardian present the claim on behalf of the minor." [ECF No. 17-2]

---

[2] Plaintiffs' complaint includes a single "Count" bringing a claim of medical malpractice. [ECF No.1]  The complaint, however, also includes a separate section challenging the application of Missouri House Bill 393 and Missouri Senate Bill 239, both effective August 28, 2005, and §490.715 RSMo to the current action. [ECF No. 1] Plaintiffs allege the legislation violates various provisions of the Missouri Constitution. [ECF No. 1]

[3] The United States provided copies of counsel's letter and the completed Form 95 but not the attorney-client contract or the medical records.

3

On February 9, 2022, Plaintiffs' counsel sent another letter to HHS[4] detailing C.P's claim, along with a completed Form 95, and copies of the attorney-client contract and the pertinent medical records.[5] [ECF No. 17-4] This Form 95 names "Amanda Pipes, parent and legal guardian of [C.P.], a minor child" as the claimant, states the amount of the personal injury claim is "$41,000,000.00 Est.[,]" and is signed by Plaintiffs' counsel as "attorney for Amanda Pipes [and C.P.]." [ECF No. 17-4]

Plaintiffs oppose the United States' motion to dismiss asserting they properly presented C.P.'s claim to HHS prior to filing suit because Missouri law does not contemplate that a representative be appointed on behalf of a minor prior to the inception of a lawsuit and they provided a sum certain for C.P.'s claim. [ECF No. 20]. Plaintiffs did not respond to Defendant's alternative request to dismiss Plaintiffs' challenge to certain Missouri legislation as violative of the Missouri Constitution. [ECF No. 20]

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and statutes. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside of a federal court's limited jurisdiction and the party asserting jurisdiction has the burden of establishing it. Id.

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge a federal court's jurisdiction over the subject matter of the complaint. Dismissal under Rule 12(b)(1) is appropriate when a movant successfully challenges subject matter jurisdiction on the face of the complaint or on the facts. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, the court

---

[4] The February 9, 2022 letter was almost identical to the March 16th letter. [ECF Nos. 17-2, 17-4]
[5] Again, the United States provided copies of counsel's letter and the completed Form 95 but not the attorney-client contract or the medical records.

4

restricts its inquiry to the face of the pleadings, and the factual allegations concerning jurisdiction are presumed to be true as if the motion was brought under Rule 12(b)(6). Osborn v. U.S., 918 F.2d 724, 729 n. 6 (8th Cir. 1990); Titus, 4 F.3d at 593. "In a factual attack, the court considers matters outside the pleadings…and the non-moving party does not have the benefit of 12(b)(6) safeguards." Osborn, 918 F.2d at 729 n. 6. Because the Court looks at evidence outside of the face of the pleadings, the Court treats Defendant's motion as a factual attack.

### III.  Discussion

A. Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction

The United States argues the Court lacks subject matter jurisdiction because the government did not waive sovereign immunity under the FTCA. [ECF No 17] The United States contends the FTCA's limited waiver of sovereign immunity requires Plaintiffs to exhaust their administrative remedies, which includes properly presenting C.P.'s claim to HHS. Specifically, the United States asserts that Missouri law requires a duly appointed next friend, guardian or conservator to commence or prosecute a lawsuit on behalf of a minor (§507.110 RSMo) or to settle a minor's claim upon court approval (§507.184 RSMo). The United States further argues that C.P.'s claim to HHS was not properly presented because Plaintiffs did not provide a "sum certain" for the claim as required.

Plaintiffs oppose the motion contending Missouri law, specifically §507.140 RSMo and Mo. Sup. Ct. R. 52.02(d), requires judicial appointment of a representative on behalf of a minor only after inception of litigation, as was done in this case. [ECF No. 20] Plaintiffs contend the Pipes, as C.P.'s parents, represented him during the administrative proceeding in their capacity as his natural guardians. Plaintiffs argue they provided sufficient evidence of representation to HHS because the executed Form 95 and the accompanying attorney letter "provided what a court,

5

situated in Missouri, would need to appoint Amanda and Nathan Pipes as guardians – or next friends – of Plaintiff." [ECF No. 20] Plaintiffs contends that the Government's position that a parent must be judicially appointed as a minor's representative to properly present a claim on behalf of the minor to the administrative agency and, consequently, to exhaust the claimant's administrative remedies, places claimants in a proverbial Catch-22 because judicial appointment of a representative occurs only after a claimant has exhausted his administrative remedies and filed suit.  [ECF No. 20] Plaintiffs also maintain they presented sufficient evidence of representation to HHS to satisfy the "minimal notice" standard applied in other federal circuits. Finally, Plaintiffs maintain the estimated amount of damages presented in the Form 95 was a sum certain under the FTCA because it provided the agency with sufficient information to investigate the claim, notified the government of its liability exposure, and informed the agency that the claim exceeded the threshold amount requiring approval of the Attorney General to settle the case. [ECF No. 20]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Department of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The district court lacks jurisdiction to hear a case against the United States unless its sovereign immunity has been waived. Kaffenberger v. U.S., 314 F.3d 944, 950 (8th Cir. 2003).  A waiver of sovereign immunity must be "unequivocally expressed" in the statutory text.  Blue Fox, Inc., 525 U.S. at 261. In terms of its scope, a waiver of sovereign immunity is strictly construed in favor of the government. Kaffenberger, 314 F.3d at 950.  "Once consent has been expressly provided and its scope defined, however, the waiver of immunity is liberally construed within the parameters of the consent." Id.

The FTCA is a limited waiver of sovereign immunity, permitting "persons injured by federal employees to sue the United States for tort claims in federal district court." King v. United

States, 3 F.4th 996, 998–99 (8th Cir. 2021) (quoting Rollo-Carlson ex rel. Flackus-Carlson v. United States, 971 F.3d 768, 770 (8th Cir. 2020)). "The 'extent of the United States' liability under the FTCA is generally determined by reference to state law.'" Rollo-Carlson, 971 F.3d at 770 (quoting Molzof ex rel. Molzof v. United States, 502 U.S. 301, 305 (1992)). The law of Missouri, the place where the alleged malpractice occurred, governs the underlying medical malpractice claim in this case. See Goodman v. United States, 2 F.3d 291, 292 (8th Cir. 1993) (in FTCA cases, courts are "bound to apply the law of the state in which the acts complained of occurred"). "[T]he adjudicatory capacity [of federal courts] over such claims[,]" however, is circumscribed by federal law. King, 3 F.4th at 999 (quoting Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (en banc)).

The FTCA requires a plaintiff to exhaust his administrative remedies prior to filing suit in federal court. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing…[.]"); King, 3 F.4th at 999.  The administrative process includes presenting the claim to the appropriate federal agency, and "[t]he presentment requirement is a jurisdictional prerequisite to the filing of an FTCA action in federal court." Id. citing Mader, 654 F.3d at 805, 808.

While the FTCA does not state what must be included in a properly presented claim, the Attorney General's regulations provide as follows:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence

7

>of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2 (a).

In Mader, 654 F.3d at 803, the Eighth Circuit held "that a properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law."[6] This is because "the administrative presentment requirement serves a practical purpose – it provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny or settle FTCA claims prior to suit" and "the presentment of evidence of a personal representative's authority to act on behalf of a claim's beneficiaries, [is] totally essential to meaningful agency consideration." Id. at 801-02 (also observing that, without evidence of the representative's authority to act, the agency cannot discern if negotiations or agreements with the representative would be ineffective).

This means that the representative must possess the authority to act on the claimant's behalf when the representative files the claim with the agency and that the representative must present the evidence of his authority contemporaneously with his claim. See Mader, 654 F.3d 794 (dismissal for lack of jurisdiction because widow's appointment as personal representative of the decedent's estate terminated prior to filing her wrongful death claim with the agency); Rollo-Carlson, 971 F.3d 768 (dismissal for lack of jurisdiction because plaintiff, the decedent's next-of-kin, was appointed trustee under the state's wrongful-death statute prior to filing her complaint in federal court but after filing the claim with the agency); After v. United States, 511 Fed, Appx. 596 (8th Cir. 2013) (affirming dismissal when plaintiff failed to present evidence on her Form 95

---

[6] In Mader, 654 F.3d 794, 799-804, the Eighth Circuit, sitting en banc, resolved a conflict in the circuit's panel decisions interpreting the presentment requirement of §2675(a). The court rejected the "minimal notice" interpretation of §2675(a) that had previously been adopted by one panel of the court in favor of a finding that proper presentment requires a representative to present evidence of his authority to act to the administrative agency. Id.

of her authority to bring a claim on behalf of her minor grandson); E.M. by and through Benitez v. United States, 2:19-cv-04221-MDH, 2020 WL 6947681, at *2-3 (W.D. Mo. Nov. 25, 2020) (court appointment of next friend, guardian, or conservator for a minor cannot take place after the minor's claim is filed with the agency); Parrott v. United States, 19-00019-CV-W-ODS, 2019 WL 3241174 *4-5 (W.D. Mo. July 18, 2019) (plaintiffs did not meet their burden of establishing an LLC's claim was properly presented they did not provide the agency with evidence of their authority to submit the claim on the LLC's behalf).

Under Missouri law, a minor's parent, without court appointment as a guardian or next friend, does not have the authority to enter into a binding settlement of the minor's claim for damages. Y.W. By and Through Smith v. National Super Markets, Inc., 876 S.W.2d 785, 787-89 (Mo. App. 1994) (citing Cox v. Wrinkle, 267 S.W.2d 648, 652-53 (Mo. 1954).  Section 507.184 RSMo provides:

> 2. The next friend, guardian ad litem or guardian or conservator shall have the power and authority to contract on behalf of the minor for a settlement of the minor's claim, action or judgment, provided that such contract and settlement shall not be effective until approved by the court. The next friend, guardian ad litem and guardian or conservator shall also have the power and authority to execute and sign a release or satisfaction and discharge of a judgment which shall be binding upon the minor, provided the court orders the execution of such release or satisfaction and discharge of judgment.
>
> 3. The court shall have the power and authority to hear evidence on and either approve or disapprove a proposed contract to settle an action or claim of a minor, to authorize and order the next friend, guardian ad litem or guardian or conservator to execute and sign a release or satisfaction and discharge of judgment, and shall also have the power and authority to approve a fee contract between the next friend, guardian ad litem or guardian or conservator and an attorney and to order him to pay an attorney fee and to pay the expenses which have been reasonably incurred in connection with the preparation and prosecution of the action or claim and including the cost of any bonds required herein.

To protect the minor's interests, Section 507.184 requires a parent to be judicially appointed as the minor's representative in order for him or her to settle the minor's claim or action.

9

Y.W. By and Through Smith, 876 S.W.2d at 788-89.  This requirement "gives the court the opportunity to determine whether the parent is qualified to enter into a settlement agreement on the child's behalf." Id. at 788. Furthermore, Missouri views "the presence of a duly-appointed representative [as] necessary when a minor is engaged in settlement discussions to ensure that a settlement is in the best interest of the child." Id. at 789.  Because Section 507.184 includes the settlement of a minor's "claim, action or judgment" it applies to both pending actions and pre-action settlements. Id. at 789.[7]

Although Missouri law recognizes that parents are the "natural guardians" of their children,[8] "a parent cannot bargain away a minor's right to bring a civil action against any alleged tortfeasor without being duly appointed." Id. See also E.M. by and through Benitez, 2020 WL 6947681, at *2 ("Absent court appointment, such natural guardian is unable to enter into a binding settlement of a minor's claims.")

Plaintiffs' counsel first submitted C.P.'s claim against the United States to HHS for consideration in March 2021. Plaintiffs' counsel signed the March 2021 Form 95 as "attorney for Amanda Pipes [and C.P.]" and named "Amanda and Nathan Pipes, for [C.P.], a minor child" as the claimant. [ECF No. 17-1]. HHS notified Plaintiffs' counsel that the March 2021 Form 95 was "improperly presented by a minor" and advised him that the claim should be presented by "a

---

[7] Citing to § 507.140 RSMo and Mo. Sup. Ct. R. 52.02(d), Plaintiffs assert that Missouri law requires a minor to "move for appointment at the inception of litigation." Section 507.140 provides some guidelines for the appointment of a next friend for a minor under the age of 14, while Rule 52.02 governs the commencement, prosecution, and defense of civil actions by and against minors.  Based on these sections, Plaintiffs argues C.P. is placed in "the proverbial 'Catch 22'" in that his parents had to exhaust his administrative remedies by filing his HHS claim before filing suit yet they could not be appointed his next friend or guardian until he commenced an action. In this case, the Court need not decide the scope of §507.140 and Rule 52.02 because §507.184 applies to pre-litigation settlements, the circumstances currently before the Court.

[8] Section 475.025 of the Missouri Probate Code provides: "In all cases not otherwise provided for by law, the father and mother…[are] the natural guardian[s] of their children, and h[ave] the custody and care of their persons and education. When the estate of a minor is derived from a parent, the parent as natural guardian has all of the powers of a conservator appointed by a court, with respect to property derived from him, except that no court order or authorization is necessary to exercise these powers and the natural guardian may invest, sell and reinvest the estate of the minor in such property as is reasonable and prudent." § 475.025 RSMo.

properly appointed guardian" on C.P.'s behalf. [ECF No. 17-2] In response, Plaintiffs' counsel submitted another Form 95 in February 2022, this time naming "Amanda Pipes, parent and legal guardian of [C.P.], a minor" as the claimant. [ECF No. 17-4] Although the name of the claimant had been modified to suggest that Amanda Pipes was acting as C.P.'s "legal guardian[,]" the record does not demonstrate, as required by Mader, 654 F.3d 794, that the Plaintiffs provided HHS with evidence that Amanda Pipes had been judicially appointed as C.P.'s guardian or next friend for purposes of settling his claim for damages against the United States.  Nor do the Plaintiffs claim that the Pipers were judicially appointed as C.P.'s guardians or next friends at some point before or during the administrative proceedings.

Although the Pipes were appointed C.P.'s next friends at the commencement of this lawsuit, Eighth Circuit precedent is clear that appointment after termination of the administrative proceeding is insufficient to cure the jurisdictional defect. For a claimant to properly present his claim to the federal agency and exhaust his administrative remedies, the Eighth Circuit requires a claimant's representative to (1) possess the authority to act on behalf of the claimant under state law in the resolution of his claim with the federal agency at the time of presentment of the claim to the agency, and (2) present evidence of his authority to act on the claimant's behalf to the federal agency. Mader, 654 F.3d 794. Because a minor's parent does not possess the right to settle a minor's civil action against a tortfeasor without being judicially appointed, the Pipes were required to be judicially appointed as C.P.'s representative prior to filing C.P.'s claim with HHS. Because C.P.'s claim was not presented to HHS by a judicially-appointed representative, he failed to exhaust his administrative remedies and his current claim is barred by sovereign immunity.[9] For

---

[9] Plaintiffs do not challenge the applicability of Mader, but rather contend they satisfied the dictates of Mader because they "had no documentation of a companion Missouri case that could be provided to HHS…[and that] the execution of the SF-95 and the accompanying attorney letter, provided what a court, situated in Missouri, would need to appoint [the Pipes] as guardians – or next friends – of

11

the reasons set forth above, the government's Motion to Dismiss for lack of subject matter jurisdiction [ECF No. 17] is granted.[10]

B. Jurisdiction over Defendant Northeast Regional

In their complaint, Plaintiffs allege the Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1346(b) and 2675 because the United States is a defendant and the Plaintiffs satisfied the FTCA's provisions for bringing suit in federal court. [ECF No. 1, ¶ 11] Plaintiffs' claims against Defendant Northeast Regional arise under state law and the complaint does not allege facts establishing diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Instead, Plaintiffs allege the Court had "ancillary jurisdiction" over their claims against Northeast Regional. [ECF No. 1, ¶ 11]

28 U.S.C. 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related…that they form part of the same case or controversy under Article III of the United States Constitution." Under Section 1367(c)(3), however, the district court "has discretionary power to decline the exercise of supplemental jurisdiction where the court has 'dismissed all claims over which it has original jurisdiction.'" Wilson v. Miller, 821 F.3d 963, 970–71 (8th Cir. 2016) (quoting 28 U.S.C. § 1367(c)(3)). "When a district court dismisses every federal claim, 'judicial economy, convenience, fairness, and comity' will usually 'point toward

---

Plaintiff." [ECF No. 20, pg. 7] Plaintiffs' assertion that by providing documentation suggesting they *could be* appointed as C.P.'s guardian or next friend, they satisfied Mader is inconsistent with the plain language of Mader. Mader requires the representative to present evidence of his or her authority to act on behalf of the claimant, 654 F.3d at 803, not evidence that the representative is among those persons eligible to be appointed to act on the claimant's behalf at some point in the future.

[10] In light of the Court's finding on the United States' first argument, the Court need not address the remaining arguments in the defendant's motion.

12

declining to exercise jurisdiction over the remaining state-law claims.'" McManemy v. Tierney, 970 F.3d 1034, 1040–41 (8th Cir. 2020) (quoting Wilson, 821 F.3d 963, 970–71)).

Upon the dismissal of the United States from the action, the original basis of the Court's jurisdiction has evaporated. Consequently, the Court will grant Plaintiffs 14 days from the date of this order to (1) show cause in writing why the Court should not decline to exercise supplemental jurisdiction over this case against the remaining defendant Northeast Regional or (2) to amend the complaint to include allegations sufficient to demonstrate diversity jurisdiction under 28 U.S.C. § 1332.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant United States' Motion to Dismiss for lack of subject matter jurisdiction [ECF No. 17] is **GRANTED**. The United States is **DISMISSED**, without prejudice. A separate order of dismissal will issue.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until January 4, 2023, to show cause why the remaining claims should not be dismissed on jurisdictional grounds.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of December, 2022

13